# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Antonio Xavier Daniels,                                   Case No. 19-cv-807 (ECT/LIB)

            Petitioner,

v.                                                        **REPORT AND RECOMMENDATION**

State of Minnesota,

            Respondent.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral made in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Antonio Xavier Daniels' Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Docket No. 1].

For the reasons discussed herein, this Court recommends that the Petition for writ of habeas corpus, [Docket No. 1], be **DENIED**, and that this action be **DISMISSED with prejudice**. The undersigned further recommends declining to issue a certificate of appealability.

## I.    Background

In 2013, Petitioner was charged with second-degree intentional murder in Minnesota state court. See, Daniels v. State, No. A17-0623, 2018 WL 817286, at *3 (Minn. Ct. App. Feb. 12, 2018), review denied (Apr. 25, 2018). Petitioner pled not guilty, and he presented a defense of self-defense. (Pet., [Docket No. 1], at 1). In support of his defense, Petitioner asserted that, although he shot into the direction of a group of men during a physical altercation involving himself, his friends, and said group of men, he did so as a "scare tactic" because he feared for his safety and the safety of his friends. Daniels, 2018 WL 817286, at *1–3; see, State v Daniels, No. 27-cr-13-27736, 2015 WL 4393108, at *2, *4 (Minn. Dist. Ct. June 30, 2015). The gunshot fired

by Petitioner resulted in the death of one of the men in the other group, but Petitioner maintained that he did not intend to cause the decedent's death. Daniels, 2018 WL 817286, at *1–3.

Following a jury trial, the state "district court granted [Petitioner's] request to provide a jury instruction on second-degree manslaughter, and the state's request for an instruction on second-degree felony murder." Daniels, 2018 WL 817286, at *3 (citations omitted). The state trial court also granted Petitioner's request for a "self-defense instruction." Id. The state "district court instructed the jury on self-defense based on the standard instruction for self-defense—justifiable taking of life." Daniels v. State, No. A19-1279, 2020 WL 2118897, at *1 (Minn. Ct. App. May 4, 2020), review denied (Sept. 15, 2020).

Ultimately, the jury found Petitioner guilty of second-degree felony murder and second-degree manslaughter. Pet. [Docket No. 1]; Daniels v. State, No. A17-0623, 2018 WL 817286, at *1 (Minn. Ct. App. Feb. 12, 2018). Petitioner was found not guilty of second-degree intentional murder. Id. "On June 30, 2015, the [state] district court sentenced [Petitioner] for second-degree felony murder to a 180-month prison sentence with 676 days of credit and entered a conviction on the second-degree manslaughter charge, noting '[s]entence combined with' the other count." Daniels v. State, 2020 WL 2118897, at *1.

Petitioner then filed a state court petition for postconviction relief. After the denial of his state court petition for postconviction relief, he appealed his conviction and the denial of his petition for postconviction relief "arguing that his conviction should be reversed, or in the alternative that he" should "receive a new trial because (1) his right to a speedy trial was violated, (2) he received ineffective assistance of [trial] counsel, (3) the prosecutor committed misconduct, (4) the jury verdict" was "legally inconsistent, and (5) the evidence [was] insufficient to support

his conviction for second-degree felony murder." <u>Daniels v. State</u>, No. A17-0623, 2018 WL 817286, at *3 (Minn. Ct. App. Feb. 12, 2018).

In support of his ineffective assistance of trial counsel argument, Petitioner asserted that "his [trial] attorney should have moved to dismiss the charges or requested a <u>Florence</u> hearing when, on the first day of trial, the state" allegedly "'announced new evidence' showing that" Petitioner "acted in self-defense and that the state's witnesses were the first aggressors"; that "his [trial] counsel should have subpoenaed D.T. to testify at trial because he was present throughout the altercation and could have provided exculpatory evidence"; that his trial counsel improperly "failed to use evidence of a criminal conspiracy between the state's witness[es] to impeach their credibility"; and that "his trial attorney [improperly] failed to challenge late discovery disclosures by the state." <u>Id.</u> at *5–*7. Petitioner also argued that, pursuant to the "felony murder rule," his jury verdict was "legally inconsistent because second-degree manslaughter requires some form of intent while second-degree felony murder is a crime committed 'without the intent to effect the death of any person.'" <u>Id.</u> at *8.

Although the Court found it "trouble[ing] that the record contain[ed] no explanation of [Petitioner's] counsel's decision not to call" D.T. "as a trial witness," the Minnesota Court of Appeals ultimately rejected each of Petitioner's arguments regarding his ineffective assistance of trial counsel argument. <u>Id.</u> at *5–*7.

The Court also rejected Petitioner's argument that his convictions were legally inconsistent. <u>Id.</u> at *8–*9. The Court, relying solely on Minnesota state law, explained that while the "'felony murder rule' allows one whose conduct brought about an unintentional death in the commission of a felony to be guilty of murder by imputing malice when there is no specific intent to kill," "[l]ack of intent is not an element of second-degree felony murder." <u>Id.</u> at *9. On the other

hand, "[s]econd-degree manslaughter requires a mental state of culpable negligence" which "is defined as 'recklessness,' which is 'intentional conduct which the actor may not intend to be harmful but which an ordinary and reasonably prudent man would recognize as involving a strong probability of injury to others.'" Id. at *9. The Court explained that "neither felony murder nor second-degree manslaughter required that the jury find that [Petitioner] specifically intended to cause [decedent's] death." Id. Thus, the Court concluded that "[b]ecause the mental states for" the two crimes of which Petitioner was convicted "are not mutually exclusive and the necessary elements of the crimes do not negate each other, . . . the postconviction court did not err in determining that the jury's verdict finding [Petitioner] guilty of both felony murder and second-degree manslaughter is not legally inconsistent." Id.

After rejecting each of Petitioner's arguments, the Minnesota Court of Appeals affirmed Petitioner's convictions.

Thereafter, Petitioner sought review from the Minnesota Supreme Court. In his petition for review at the Minnesota Supreme Court, Petitioner's counsel framed the issue for review to be as follows:

> When considering a district court's order to include a lesser included instruction for felony-murder on charges of intentional murder in the second degree, is it proper for the district court to circumvent the intent analysis and converting what would otherwise be justifiable behavior into condemnable behavior[?]
>
> Ruling Below: The court of appeals affirmed the district court's lesser included instruction upon reviewing it under an inconsistent-verdict standard.

(Pet. for Review of Decision of Court of Appeals, [Docket No. 7], at 6–14). In summarizing his argument as to why the petition for review by the Minnesota Supreme Court should be granted, Petitioner asserted that the "Minnesota Court of Appeals erroneously applied an 'inconsistent-verdict' on the Petitioner's conviction of the lesser-included felony murder—that Petitioner killed"

the decedent "while using a deadly weapon; however, the facts supported a self-defense instruction based upon the circumstance at the time of the firing of the firearm, and to which the Jury acquitted the Defendant of intentional murder in the second degree." (Id.).

On April 25, 2018, the Minnesota Supreme Court denied review of Petitioner's case. Daniels v. State, No. A17-623, Order (Minn. Apr. 25, 2018). Thereafter, on May 2, 2018, the Minnesota Court of Appeals enter final judgment in Petitioner's criminal case. Daniels v. State, No. A17-0623, Judgement (Minn. Ct. App. May 2, 2018).

On March 21, 2019, Petitioner initiated the present proceeding by filing his pro se Petition for writ of habeas corpus, [Docket No. 1], challenging the constitutionality of his current term of confinement. In his Petition, Daniels asserts a single claim for relief: "[i]neffective assistance of [c]ounsel." (Pet., [Docket No. 1], at 5). Where the form-Petition instructed Petitioner to provide the "[s]upporting facts," Petitioner wrote "[d]id not apply 'rule' to bar a felony murder conviction [i]n self-defense case unintentional"; "[d]id not assume 'Presumption of Innocence' [r]ule" which Petitioner argues requires the state court to sentence him to a term of imprisonment consistent with the "least" offense of which he was convicted; and "[d]id not call viable witness to testify." (Id.). Later in his Petition, Daniels alludes to a separate argument based on his belief that the state trial court provided an improper jury instruction consistent with Pollard v. State, 900 N.W.2d 175 (Minn. Ct. App. July 10, 2017). (See, Pet., [Docket No. 1], at 14).

Petitioner candidly acknowledged, in his Petition, that at least two of his claims for relief in support of his ineffective assistance of counsel claim had not been exhausted in state court at the time he filed his initial Petition. (Petition, [Docket No. 1], at 5–7). Petitioner asserted that he was "attempting to file a Post-Conviction Motion to address the self-defense CRIMJIG error, and the right to be sentenced to least conviction." (Id. at 7). Petitioner explained that he filed the present

Petition in this Court when he did, despite the unexhausted claims, because the expiration of the one-year statute of limitations for federal habeas petitions, such as the present Petition and as contained in 28 U.S.C. § 2244(d), was then close to expiring. (See, Petition, [Docket No. 1], at 13).

On April 26, 2019, Petitioner filed a motion in state district court which the district court construed as a postconviction petition. See, Daniels v. State, 2020 WL 2118897, at *1. Petitioner's "motion requested relief because (1) the appellate courts failed to follow precedent in addressing his appeal, (2) his 'trial assistance and appellate counsel [made] errors,' (3) his due process rights were violated by using an improper self-defense instruction, and (4) his case should have been resolved under State v. Pollard, 900 N.W.2d 175 (Minn. App. 2017)." Daniels, 2020 WL 2118897, at *2 (alteration in original). The district court found Petitioner's "postconviction petition barred by State v. Knaffla, 243 N.W. 2d 737 (Minn. 1976), and time-barred from relief." Daniels, 2020 WL 2118897, at *2.

Petitioner appealed the state district court's order. Id. At the Minnesota Court of Appeals, Petitioner argued that he had received ineffective assistance of counsel when his trial counsel failed to challenge the district court's "decision to provide a lesser-included offense instruction of second-degree felony murder to the jury," as well as, "the district court's incorrect self-defense instruction provided to the jury." Id. at *2.

On June 10, 2019, Petitioner filed a Stay and Abeyance Request, [Docket No. 9], in this Federal Court. Through that request Petitioner sought an Order of this Court staying his "mixed petition" while he was permitted a reasonable time to exhaust his remedies in state court as to the unexhausted claims presented in his present Petition. (Id.).

6

Thereafter, the undersigned issued an Order, [Docket No. 11], staying the present case while Petitioner pursued state court proceedings to exhaust the claims raised in the present Federal habeas petition. The Court forewarned Petitioner "that any claim he presents to the Minnesota State Courts which he wishes to later pursue in the Federal Court through the present habeas Petition must present the substance of his <u>federal</u> habeas corpus claim." (Order, [Docket No. 11], at 11 n. 6) (emphasis in original). The Court directed the parties to keep the Court apprised of the status of Petitioner's state court proceedings. (<u>Id.</u>).

On May 4, 2020, the Minnesota Court of Appeals issued an Order on Petitioner's appeal of the state district court's denial of his April 26, 2019, motion for postconviction relief. <u>Daniels</u>, 2020 WL 218897. Although the state district court found Petitioner's claims to be procedurally barred, the Minnesota Court of Appeals considered the merits of Petitioner's claims. <u>Id.</u> The Minnesota Court of Appeals rejected each of Petitioner's claims. <u>Id.</u> at *2–*5.

Regarding the challenge to the lesser included offense instruction, the Court found that it lacked merit both factually and legally. The Court noted that Petitioner's trial counsel did in fact object to the lesser included offense instruction of second-degree felony murder. <u>Id.</u> at *3. The Court also concluded that even if Petitioner's trial counsel had failed to object to this lesser included offense instruction, Petitioner had failed to demonstrate that the lesser included offense instruction affected the verdict. <u>Id.</u> at *3. The Court explained that the second-degree felony murder instruction did not substantively affect the verdict because Minnesota law specifically provided that second-degree felony murder is a lesser include offence to second-degree intentional murder. <u>Id.</u>

Regarding the "justifiable-taking-of-life" self-defense instruction the state district court provided to the jury, the Minnesota Court of Appeals, agreed with Petitioner, determining that the

"justifiable-taking-of-life" self-defense instruction was not the proper self-defense instruction which should have been provided to the jury because Petitioner claimed the death was not the intended result of his actions. Id. at *4. (citing State v. Pollard, 900 N.W.2d 175, 179 (Minn. App. 2017)). The state district court should have provided the general self-defense instruction. See, Id.

The Minnesota Court of Appeals, however, concluded that Petitioner had failed to demonstrate an ineffective assistance of counsel claim. Id. The Court explained that, based on the applicable state law, Petitioner was required to demonstrate that the incorrect jury instruction "impacted his substantial rights," and Petitioner had failed to do so because there was "considerable evidence" of his guilt and because the "jury found that [Petitioner] did not intentionally cause the death of the victim but that [Petitioner] caused the death while committing or attempting to commit a felony." Id. at *4–*5.[1]

The Minnesota Court of Appeals ultimately concluded that "the record supports the district court's conclusion that [Petitioner] is not entitled to relief." Daniels, 2020 WL 2118897, at *1.[2] Petitioner then filed a petition for further review by the Minnesota Supreme Court. (Second Pet. for Review, [Docket No. 25], at 95). In this, his second petition for review by the Minnesota

---

[1] In a footnote, the Court also addressed Petitioner's argument that he "cannot be convicted of second-degree felony murder because he should only be convicted of [or sentenced to] the least serious offense, second degree manslaughter, pursuant to Minn. Stat. § 611.02." Id. at *3 n. 1. The Court observed that Petitioner's argument was based on a misreading of the statute which only applies when "there exists reasonable doubt as to which of two or more degrees the defendant is guilty." Id. The Court noted that because the jury found Petitioner guilty beyond a reasonable doubt of both second-degree felony murder and second-degree manslaughter, Petitioner was not entitled to relief pursuant to Minn. Stat. § 611.02 "because there is no reasonable doubt to the degrees of offense." Id.

[2] Notwithstanding this finding, the Court "reverse[d] and remand[ed] to correct [a] sentencing order which shows that [Petitioner] was improperly convicted and sentenced on two offenses when one was a lesser-included offense of the other." See, Id. (emphasis added). Neither the Government nor Petitioner raised this argument to the Minnesota Supreme Court, the Court raised this procedural issue sua sponte. The sentencing order which required correction referred to here is the trial court's sentencing order in which "the [state] district court sentenced [Petitioner] for second-degree felony murder to a 180-month prison sentence with 676 days of credit and entered a conviction on the second-degree manslaughter charge, noting '[s]entence combined with' the other count." Daniels v. State, 2020 WL 2118897, at *1 (emphasis added). This sentencing order correction is not at issue in the present Petition. The state district court's order's notation that the "sentence" was "combined with" the "second-degree manslaughter charge" did not result in a longer term of imprisonment for Petitioner.

Supreme Court, Petitioner identified three issues for review: "lesser included offense violation"; self-defense [i]nstruction error"; and the district court erred in subjecting Petitioner to two legally inconsistent convictions. (Second Pet. for Review, [Docket No. 25], at 95). Although it is not identified as an "issue for review" in his petition for review by the Minnesota Supreme Court, Petitioner makes a passing reference to the "6th [A]mendment" and "the right to an adequate counsel." (Id. at 98). The Minnesota Supreme Court denied the petition for review on September 15, 2020. (Minn. Supreme Court Order, [Docket No. 25], at 100).

On October 2, 2020, the undersigned lifted the stay in the present case. (Order [Docket No. 20]). The undersigned observed that the parties' previous briefing had largely been rendered irrelevant because the previous briefing was directed at Petitioner's failure to exhaust his state court remedies at the time he initially filed the present action. (Id.). The Court permitted the parties the opportunity to submit supplemental briefing. (Id.).

Upon the completion of that supplemental briefing, the Court took the present Habeas Petition under advisement on the parties' written submissions. (Id.).

## II.   Legal standards

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. "The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, 562 U.S. 86, 91 (2011).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prescribes the standards for this court to review a state prisoner's petition for habeas corpus relief. See, Mark v.

Ault, 498 F.3d 775, 782–83 (8th Cir. 2007) (holding that a federal court shall only engage in limited and deferential review of underlying state court decisions). A federal court will not grant a petition for writ of habeas corpus "unless it appears that (1) the applicant has exhausted the remedies available in the courts of the State [i.e., the exhaustion doctrine], (2) there is an absence of available State corrective process; or (3) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)-(B); see, Baldwin v. Reese, 541 U.S. 27, 29 (2004).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in the state court. In other words, a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan, 526 U.S. at 845.

The exhaustion of State remedies requires more than the fact that the federal habeas applicant has been through the state courts. See, Picard v. Connor, 404 U.S. 270, 275 (1971). When a state has a two-tiered appellate review system, as does the State of Minnesota, a prisoner must exhaust his claims at both appellate levels before presenting his claims in federal court. See, O'Sullivan, 526 U.S. at 845. This is true even when a state does not afford a "right" to review by its highest court, but only offers an opportunity to present claims for discretionary review. Id.

In Minnesota, state judicial law provides that a prisoner must raise all possible claims on direct appeal before proceeding to postconviction relief because Minnesota bars postconviction consideration of claims not so presented. See, Knaffla, 243 N.W.2d at 741 ("[W]here [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will

10

not be considered upon a subsequent petition for postconviction relief."). The Eighth Circuit solidified the implications of the Knaffla bar to a federal habeas petition, concluding that if Minnesota courts refused to consider a claim in a Minnesota postconviction proceeding because it was not presented in the state court direct appeal, then the federal courts will heed that procedural bar. See, e.g., Murray v. Hvass, 269 F.3d 896, 898–900 (8th Cir. 2001). "For the federal court to enforce a state procedural bar, either the state court must have declined to reach the issue for procedural reasons or it is clear that the state court would hold the claim procedurally barred." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004).

"A state prisoner who fails to satisfy state procedural requirements" which result in his claim being barred "forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) (citing Murray v. Carrier, 477 U.S. 493–96 (1986)); see, Greer v. Minnesota, 493 F.3d 952, 957 (8th Cir. 2007); Coleman v. Thompson, 501 U.S. 722, 729 (1991). These are narrow, extraordinary exceptions to the exhaustion requirement. Coleman, 501 U.S. at 750.

To establish cause, a petitioner must show that some objective factor external to the defense impeded petitioner's efforts to comply with the State's procedural rule. See, Davila v. Davis, 137 S.Ct. 2058, 2065 (2017); Murray, 477 U.S. at 488. A showing that a legal or factual basis for a claim was not reasonably available to counsel or that some interference by officials made compliance impracticable would constitute cause. Coleman, 501 U.S. at 753 (citations omitted). Mere attorney error does not constitute cause, attorney conduct must constitute ineffectiveness, such that the conduct externalizes the problem to one of lack of counsel. Id. at 753–54. The Supreme Court has not defined "cause" with precise content, but it does exist where the basis of a

11

claim was so novel it was not reasonably available at an earlier juncture. See, Reed v. Ross, 468 U.S. 1, 13–16 (1984).

"To establish actual innocence, petitioner must demonstrate that, 'in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. U.S., 523 U.S. 614, 623 (1998) (citing Schlup v. Delo, 513 U.S. 298, 327–38 (1995)). "[A]ctual innocence means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). This means the state can mount additional evidence that was not adduced at trial, or it can include charges it elected not to pursue if there is proof the charges were previously contemplated. Bousley, 523 U.S. at 624.

Furthermore, federal courts will not review a question of federal law addressed by a state court if the state court's decision rests on a state law ground that is independent of the federal question and adequate to support the judgment. See, Greer v. Minnesota, 493 F.3d 952, 957 (8th Cir. 2007) (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)).

Even when a prisoner's claim has been fully adjudicated and exhausted in state court, a federal court still may not grant habeas relief unless the state court adjudication:

> (1)    Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or
>
> (2)    Resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair minded jurists could disagree on the correctness of the state court's decision." Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016) (quotations and citations omitted); see, Nash v. Russell, 807 F.3d 892, 896 (8th Cir. 2015).

## III.   Discussion

As noted above, Petitioner's initial pro se Petition to this Court raised a single claim for relief: "[i]neffective assistance of [c]ounsel." (Pet., [Docket No. 1], at 5). Petitioner fails to articulate whether the reference to the ineffectiveness of counsel in his initial Petition refers to his trial or appellate counsel. (See, Petition [Docket No. 1]; Pet.'s Mem. [Docket No. 21]; Pet.'s Reply [Docket No. 27]).

In his Petition under the heading of "[s]upporting facts," Petitioner wrote "[d]id not apply 'rule' to bar a felony murder conviction [i]n self-defense case unintentional"; "[d]id not assume 'Presumption of Innocence' [r]ule" which Petitioner argues requires the state court to sentence him to a term of imprisonment consistent with the "least" offense of which he was convicted; and "[d]id not call viable witness to testify." (Id.). Later in his Petition, he alludes to a separate argument based on his belief that the state trial court provided an improper self-defense jury instruction consistent with Pollard v. State, 900 N.W.2d 175 (Minn. Ct. App. July 10, 2017). (See, Pet., [Docket No. 1], at 14).

It is less than clear as to the exact claim or claims Petitioner seeks to raise in the present habeas action, and Petitioner's supplemental briefing has done little to clarify the issue. For example, although the Petition plainly states that Petitioner seeks to raise an ineffective assistance of counsel claim, Petitioner's briefing focuses on perceived errors committed by the state district court without consideration of his previous counsels' actions upon those perceived errors. (See, Pet.'s Mem. [Docket No. 21]; Pet.'s Reply [Docket No. 27]).[3]

---

[3] This lack of clarity is further muddled by Petitioner's briefing containing large sections that are not specifically related to the present action. For example, Petitioner's reply brief contains a portion of what appears to be an article discussing the constitutional basis for certain habeas relief. (See, Pet.'s Reply [Docket No. 27], at 5–7; Pet.'s Supp. Reply, [Docket No. 28], at 1–5) (beginning "[t]his article examines the constitutional basis for the contention that an actually innocent person should have access to the courts to challenge his conviction"). This illustrates another issue with Petitioner's purported claims: although Petitioner's briefing makes several references to various claims, such as "actual innocence" and "due process," Petitioner's assertions in support of those claims are merely retellings of his

Liberally construing Petitioner's pleading in his favor,[4] he appears to allege here three separate grounds for relief in support of his habeas Petition. First, Petitioner raises an ineffective assistance of trial counsel claim arguing that his trial counsel was constitutionally ineffective because he failed to "call [a] viable witness to testify," and he failed to object to an improper self-defense instruction. (Pet., [Docket No. 1], at 5–14). Second, Petitioner raises an ineffective assistance of appellate counsel claim arguing that his appellate counsel was constitutionally ineffective because he failed to raise an argument that Petitioner's convictions were legally inconsistent, and he failed to argue that Petitioner should have been sentenced to the "least" of the two offenses of which Petitioner was convicted. (See, Id.). Separate and apart from his ineffective assistance of counsel arguments, Petitioner also appears to raise an argument that the state district court erred in providing the jury with the justifiable-taking-of-life self-defense instruction. (See, Id.; Pet. Supp. Mem. [Docket No. 21]). Although these arguments overlap, Petitioner appears to argue that even if his counsels' conduct was not constitutionally ineffective assistance of counsel, he is entitled to habeas relief based on the state district court's purported jury instruction error alone. (See, Pet., [Docket No. 1], at 5–14; Pet. Supp. Mem. [Docket No. 21]).

## A. Ineffective Assistance of Counsel Claims

The Court must first consider the threshold question of whether or not Petitioner has exhausted his state court remedies regarding these federal ineffective assistance of counsel claims.

---

[3] other claims. For example, although Petitioner makes several references to habeas relief based on a claim of actual innocence, Petitioner does not actually assert that he is factually innocent. Instead, he seeks a new trial based on perceived errors committed by the state district court. (See, Pet.'s Supp. Mem. [Docket No. 21]; Pet.'s Reply [Docket No. 27]). The same is true of Petitioner's repeated allusions to his being entitled to habeas relief based on a purported due process violation. (See, e.g., Pet. Supp. Mem., [Docket No. 21], at 1). In support of his purported "due process" argument, Petitioner merely recasts his self-defense-instruction-based argument and his argument that his convictions are legally inconsistent. (See, e.g., Id.).

[4] The Court is required to liberally construe the filings of pro se parties. See, Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("A document filed pro se is to be liberally construed[.]") (internal citation and quotation marks omitted)). This includes pro se habeas petitions. Waters v. Rios, No. 17-cv-1367 (SRN/DTS), 2017 WL 3668761, at *2 (D. Minn. Aug. 23, 2017). A pro se litigant, however, "is not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

The Court's review of the record demonstrates that—despite the Court forewarning Petitioner that he was required to do so and the staying of the present action to permit Petitioner time to do so—Petitioner nonetheless has still failed to present his federal ineffective assistance of counsel claims to the state courts, and therefore, he is now time-barred from doing so. Consequently, Petitioner's present ineffective assistance of counsel claims are procedurally defaulted.

As discussed above, a state prisoner seeking federal habeas relief must have first exhausted his state court remedies:

> [t]o exhaust available state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Fair presentment requires that prisoner to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." . . . Further, a federal claim has not been fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."

Foster v. Fabian, No. 7-cv-4317 (JRT/JJG), 2009 WL 921063, *3 (D. Minn. March 31, 2009) (citations omitted); see, Baldwin v. Reese, 541 U.S. 27, 32 (2004) (holding that in order to indicate the federal nature of a claim, a state-court litigant may cite federal law, cite a case deciding a similar claim on federal grounds, or simply "label[] the claim 'federal'"); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997); Myre v. State of Ia., 53 F.3d 199, 200–01 (8th Cir. 1995). "In order to present a habeas claim to the state court, a prisoner must 'fairly present' not only the facts but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996). "[P]resenting a claim to the state courts that is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Abdullah, 75 F.3d at 412.

In his first petition for review by the Minnesota Supreme Court, Petitioner raised a single issue:

> When considering a district court's order to include a lesser included instruction for felony-murder on charges of intentional murder in the second degree, is it proper for the district court to circumvent the intent analysis and converting what would otherwise be justifiable behavior into condemnable behavior[?]
>
> Ruling Below: The court of appeals affirmed the district court's lesser included instruction upon reviewing it under an inconsistent-verdict standard.

(Pet. for Review of Decision of Court of Appeals, [Docket No. 7], at 6–14). This first petition for review by the Minnesota Supreme Court does not make any reference to any ineffective assistance of counsel claim. (See, Id.).

In his second petition for review by the Minnesota Supreme Court, filed while the present Federal habeas action was stayed, Petitioner identified three issue for review: "lesser included offense violation"; self-defense [i]nstruction error"; and the district court erred in subjecting Petitioner to two legally inconsistent convictions. (Second Petition for Review, [Docket No. 25], at 95).

Neither of Daniels' petitions for review by the Minnesota Supreme Court fairly presented in the least the substance of his present federal ineffective assistance of counsel habeas corpus claims. Petitioner's first petition for review by the Minnesota Supreme Court lack any reference whatsoever to any ineffective assistance of counsel claim. (Petition, [Docket No. 7], at 5–15). The sole issue raised in that first petition was whether or not the district court "erroneously included the lesser-included instruction of felony-murder" in its jury instructions. (Id. at 14).

Petitioner's second petition for review by the Minnesota Supreme Court contains a barely passing reference to the "6th [A]mendment" and "the right to an adequate counsel." (Second Petition, [Docket No. 25], at 98). Thus, at least to some extent, the second petition for review considered by the Minnesota Supreme Court identified Petitioner's ineffective assistance of counsel arguments, and it asked the Minnesota Supreme Court to review the decision thereon by

16

the Minnesota Court of Appeals. However, there is no specific reference or argument in the second petition for review by the Minnesota Supreme Court to any <u>federal</u> nature of the ineffective assistance of counsel claims. Simply put, the second petition for review considered by the Minnesota Supreme Court did not in any way indicate that Petitioner sought review of a decision on a <u>federal</u> claim of ineffective assistance of trial or appellate counsel in violation of any of his rights under the Sixth Amendment to the United States Constitution.

Although the second petition for review considered by the Minnesota Supreme Court generically referenced in passing only the "6th amendment" and a "right to an adequate counsel," nothing in the petition for review indicates this refers to the United States Constitution as opposed to the Minnesota Constitution. The court notes that Article I, § 6 of the Minnesota Constitution also guarantees effective assistance of counsel.[5] It is not clear from his second petition for review that Petitioner was asserting a federal-law-based claim rather than a claim based upon the Minnesota state constitution.

A review of the second petition for review by the Minnesota Supreme Court as a whole indicates that, to the extent he was asserting an ineffective assistance of counsel claim, Petitioner was attempting to assert an ineffective assistance of counsel claim based only in state law. In his second petition for review, Petitioner lists eight cases in support of his argument; seven of these cases are Minnesota state court cases.[6] None of these cases discusses an ineffective assistance of

---

[5] The federal-law basis for an ineffective assistance of counsel claim is the Sixth Amendment to the United States Constitution. "To establish ineffective assistance of counsel [in violation of the Sixth Amendment to the United States Constitution], a petitioner must show both that (1) his counsel's performance was deficient, or that it 'fell below an objective standard of reasonableness,' and also that (2) 'the deficient performance prejudiced the defense.'" <u>Bahtuoh v. Smith</u>, 855 F.3d 868, 871 (8th Cir. 2017) (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984)).

[6] In the second petition, there is one opinion listed which was issued by the United States Supreme Court; however, that case does not discuss any ineffective assistance of counsel argument. <u>See</u>, <u>Francis v. Franklin</u>, 471 U.S. 307 (1985). Instead, the issue in <u>Francis</u> was "'whether the challenged jury instruction had the effect of relieving the State of the burden of proof . . . on the critical question of . . . state of mind' by creating a mandatory presumption of intent upon proof by the State of other elements of the offense." <u>Id.</u> at 313.

17

counsel claim based in federal law.[7] None of the cases listed by Petitioner in his second petition for review to the Minnesota Supreme Court references any federal law or statute in its analysis of any of the claims raised by Petitioner in the present habeas action. Petitioner's reliance on the listed cases are based solely in state law. Further, neither the second petition for review nor the cases upon which it relies sets forth the test for ineffective assistance of counsel under the Sixth Amendment to the United States Constitution nor includes any analysis of the Sixth Amendment's guarantee of effective assistance of counsel under either prong of the Strickland test.[8]

Nothing in the second petition for review informed the Minnesota Supreme Court that Petitioner was making an argument grounded in any way in federal law. Moreover, this Court may not read a federal basis into Petitioner's claim where it is it not explicitly referenced. See, Baldwin, 541 U.S. at 32–33 (rejecting argument that claim of "ineffective assistance of appellate counsel" without explicit reference to the federal nature of the claim was still sufficient to alert the Oregon Supreme Court to the federal nature of the claim); Sather v. Dooly, No. 10-cv-3080 (JRT/JJG), 2011 WL 7615097, *4 (D. Minn. Sept. 13, 2011) (""[A] broad appeal to 'due process' is not sufficient, but explicit reference to the 'United States Constitution or federal case law' is required.").

Therefore, this Court concludes that Petitioner did not "fairly present" his present federal ineffective assistance of counsel claims to all available Minnesota state courts, and as a result, he has not adequately exhausted the available Minnesota state-court remedies.

> If a petition contains claims that have not been fairly presented, the court must then determine if those claims are unexhausted or procedurally defaulted. A claim is unexhausted if it has not been fairly presented in one complete round of the state's established appellate review process, but the petitioner has the right, under state

---

[7] In fact, not one of these cases discusses any ineffective assistance of counsel claim. The second petition for review by the Minnesota Supreme Court did not refer to any state or federal case raising or addressing the Federal Sixth Amendment right to effective assistance of counsel.

[8] See, fn. 5, supra.

law, to raise the claim by any available procedure. A constitutional claim is procedurally defaulted if the state prisoner fails to exhaust his state court remedies with respect to that claim and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim.

Foster, 2009 WL 921063, at *3 (citations omitted).

In the present case, Petitioner did not, but more importantly, can no longer seek review by the Minnesota Supreme Court of his federal ineffective assistance of counsel claims. In State v. Knaffla, 309 Minn. 246 (Minn. 1976), the Minnesota Supreme Court held that when an issue is or could have been litigated on direct appeal, it may not be brought in a subsequent, collateral appeal. Here, Petitioner's federal ineffective assistance of counsel claims could have been raised in either of his petitions for review by the Minnesota Supreme Court.[9] Therefore, these claims may not now be raised in any subsequent state appeal. Accordingly, Petitioner's Federal ineffective assistance of counsel claims are procedurally defaulted.

Because Petitioner's federal ineffective assistance of counsel claims are procedurally defaulted, the Court can entertain the merits of those claims "only under two limited circumstances: (1) if the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged violation of federal law; or (2) if the court's failure to consider the claim will result in a fundamental miscarriage of justice." Kindred v. Titus, No. 17-cv-620 (SRN/HB), 2017 WL 6987990, *3 (D. Minn. Dec. 27, 2017) (citing McCall v. Benson, 114 F.3d 754, 758 (9th Cir. 1997)); see, Coleman v. Thompson, 501 U.S. 722, 750 (1991) (setting forth circumstances under which federal habeas review of procedurally defaulted claims is available).

---

[9] In fact, this is precisely the reason the Court stayed the present action: to provide Petitioner with the opportunity to exhaust any claims he wished to pursue in the present action. (See, Order [Docket No. 11]). The Court specifically forewarned Petitioner "that any claim he present[ed] to the Minnesota State Courts which he wishe[d] to later pursue in this Federal Court though the present habeas Petition must present the substance of his federal habeas corpus claim" or it would result in "dismissal of his federal Petition." (Id. at 11 n.6) (emphasis in original).

In the present case, Petitioner has articulated neither the cause for his procedural default nor actual prejudice resulting from any alleged violation of Federal law. In fact, as discussed above, the Court stayed the present action to permit Petitioner the opportunity to exhaust his claims, and the Court forewarned Petitioner that he was required to present the Minnesota state courts with the substance of any federal habeas corpus claim he wished to pursue. Thus, Petitioner has failed to show "cause and prejudice" sufficient to overcome the procedural default of his Federal ineffective assistance of counsel claims.

With respect to the other avenue for overcoming procedural default, Petitioner has not argued that a miscarriage of justice will occur if this Court does not review the merits of his Federal ineffective assistance of counsel claims.

> The miscarriage of justice exception is only available to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person. In order to establish this exception, the petitioner must show, "based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"

Fraction v. Minn., 678 F. Supp. 2d 908, 918 (D. Minn. 2008) (citations omitted). In the case now presently before this Court, Petitioner has not proffered any new evidence, nor does he assert actual innocence. Petitioner does not argue in the present action that he is factually innocent.

There is nothing in the record that establishes cause and/or prejudice to excuse the default or establishes that failure to consider the claim will result in a fundamental miscarriage of justice. Thus, the procedural default precludes this Court from considering the merits of Petitioner's Federal ineffective assistance of counsel claims.

20

Accordingly, this Court recommends that the Federal ineffective assistance of counsel claims in the present Petition for writ of habeas corpus, [Docket No. 1], be **dismissed with prejudice**.[10]

### B. Self-Defense Instruction

As observed above, Petitioner also now raises an argument in his present habeas Petition that the state district court erred in providing the jury with the justifiable-taking-of-life self-defense instruction. In support of this argument Petitioner relies exclusively on a line of Minnesota Supreme Court cases holding, "that it is error to provide the justifiable-taking-of-life instruction, instead of the general self-defense instruction, when the defendant asserts self-defense but claims that the death was not the intended result," like Petitioner claims in the present case. See, State v. Pollard, 900 N.W.2d 175, 179 (Minn. 2017).

Petitioner asserts that the justifiable-taking-of-life instruction provided to the jury in his state court trial was a violation of Minnesota state law. Each time Petitioner has raised this argument, he has relied entirely on only Minnesota state law.

The Minnesota Court of Appeal agreed with Petitioner finding that the district court improperly provided the jury with the justifiable-taking-of-life instruction. Daniels, 2020 WL 2118897, at *3–*5. The Minnesota Supreme Court, nevertheless, found that Petitioner's argument did not merit a new trial because he failed to demonstrate that there was a reasonable likelihood that the justifiable-taking-of-life instruction had a substantial effect on the jury verdict. Id. In reaching this conclusion, the Minnesota Supreme Court relied exclusively on state law. Id.

---

[10] See, Armstrong v. Ia., 418 F.3d 924, 926–27 (8th Cir. 2005) (finding that dismissal with prejudice is appropriate where federal habeas petitioner is procedurally barred from raising unexhausted claims in state court); Bush v. Smith, No. 17-cv-3129 (WMW/SER), 2018 WL 542693, *1–2 (D. Minn. Jan. 24, 2018) (dismissing with prejudice habeas claims which were procedurally defaulted).

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting a habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treatises of the United States." Estelle v. McGuire, 502 U.S. 62, 67 (1991); 28 U.S.C. § 2241(c)(3). Thus, the present Federal Court is precluded from reviewing Petitioner's claim based solely on state law related to the justifiable-taking-of-life self-defense instruction.[11]

Accordingly, this Court recommends that the self-defense-jury-instruction based claim in the present Petition for writ of habeas corpus, [Docket No. 1], be **dismissed with prejudice**.

## IV.    Certificate of Appealability

Only one issue further merits discussion: A habeas corpus petitioner seeking relief pursuant to § 2254 cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability (hereinafter "COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's present claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern,

---

[11] As discussed above, Petitioner asserted three other arguments in support of his ineffective assistance of counsel claims: appellate counsel failed to raise an argument that Petitioner's convictions were legally inconsistent; appellate counsel failed to argue that Petitioner should have been sentenced to the "least" of the two offenses of which Petitioner was convicted; and trial counsel failed to "call [a] viable witness to testify." (See, Pet., [Docket No. 1], at 5–14). To the extent Petitioner sought to assert here the underlying legal issue in each of these arguments as an independent argument separate and apart from his ineffective assistance of counsel argument, those arguments would fail for the same reasons Petitioner's self-defense jury instruction-based claim fails. In arguing each of these issues, Petitioner relied exclusively on state law, and in resolving each of these issues, the Minnesota state courts relied exclusively on state law.

anything novel, noteworthy, or worrisome about this case that warrants further appellate review. It is therefore recommended that Petitioner <u>not</u> be granted a COA in this matter. <u>See, e.g.</u>, <u>Samuelson v. Roy</u>, No. 13-cv-3025 (PAM/LIB), 2014 WL 2480171 (D. Minn. May 28, 2014).

## V.     Recommendation

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.  Petitioner Antonio Xavier Daniels' Petition for a writ of habeas corpus, [Docket No. 1], be **DENIED**;

2.  This action be **DISMISSED with prejudice**; and

3.  No Certificate of Appealability be issued.

Dated: April 13, 2021                              s/Leo I. Brisbois
                                                   Hon. Leo I. Brisbois
                                                   United States Magistrate Judge

<u>**NOTICE**</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).