UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Antonio Xavier Daniels,            File No. 19-cv-807 (ECT/LIB)

    Petitioner,

v.                                            **OPINION AND ORDER**

State of Minnesota,

    Respondent.

---

Antonio Xavier Daniels, *pro se*.

Edwin William Stockmeyer, III and Matthew Frank, Minnesota Attorney General's Office, St. Paul, MN; and Jonathan P. Schmidt, Hennepin County Attorney's Office, Minneapolis, MN, for Defendant State of Minnesota.

---

       A Minnesota state court convicted Antonio Xavier Daniels of second-degree felony murder and second-degree manslaughter, and he is currently serving a term of imprisonment. In this federal petition for a writ of habeas corpus, Daniels claims that his state trial and appellate counsel were ineffective and that the state trial court gave an erroneous jury instruction. Magistrate Judge Leo I. Brisbois recommended denying the petition, dismissing the action with prejudice, and declining to issue a certificate of appealability. Report and Recommendation at 23 ("R&R") [ECF No. 31]. Daniels filed objections to the R&R, Pet'r Objs. [ECF No. 36], and the state has not filed a response.

Because Daniels objected, the R&R will be reviewed de novo. *See* 28 U.S.C. § 636(b)(1); Local Rule 72.2(b)(3). For the reasons that follow, the R&R will be accepted.

I

The R&R thoroughly recounts the factual and procedural background of this case, and only a brief summary is useful here. *See* R&R at 1–9. Daniels was charged with second-degree intentional murder after a deadly altercation in a hotel parking lot. *See Daniels v. State*, No. A17-0623, 2018 WL 817286, at *1 (Minn. Ct. App. Feb. 12, 2018) ("*Daniels I*"). At trial, Daniels argued that he was acting in self-defense when he fired the gunshot that killed the victim. *Id.* at *2, 9–11. The jury eventually acquitted Daniels on the charged offense but found him guilty of two lesser-included offenses: second-degree felony murder and second-degree manslaughter. *Id.* at *3.

After voluntarily dismissing his direct appeal, Daniels filed a petition for postconviction relief, which the state trial court denied. *See id.* at *3; *see also* Order, *State v. Daniels*, No. A15-1573 (Minn. Ct. App. Nov. 6, 2015). The Minnesota Court of Appeals affirmed that decision. *See Daniels I*, 2018 WL 817286, at *11. In a petition for review filed with the Minnesota Supreme Court, Daniels challenged only the state trial court's jury instruction on the lesser-included offenses. Resp. App. at 6 [ECF No. 7]. The state supreme court declined to review the case. *Id.* at 3.

Almost a year later, Daniels filed this pro se federal habeas petition. Pet. [ECF No. 1]. The R&R appropriately construed the petition to raise three categories of claims. First, Daniels claims that his state trial counsel was ineffective for failing to call a witness and to object to the trial court's jury instruction on self-defense. Second, Daniels claims that his

2

state appellate counsel was ineffective for failing to argue that his convictions on the lesser-included offenses were legally inconsistent and that he should have been sentenced on the "least" of those two offenses.   Third, Daniels seems to argue that the trial court's erroneous self-defense instruction—independent of his counsel's conduct—entitles him to relief. R&R at 14; *see* Pet. at 5–14; *see generally* Pet'r Suppl. Mem. [ECF No. 21].

As Daniels recognized in his petition, he did not exhaust his state remedies on the ineffective-assistance-of-counsel claims.  *See* Pet. at 6.  Shortly after he filed this habeas petition, however, he filed a new petition for postconviction relief in state court.  Resp. Suppl. App. at 1 [ECF No. 25].  The new filing

> requested relief because (1) the [state] appellate courts failed to follow precedent in addressing his appeal, (2) his "trial assistance and appellate counsel [made] errors," (3) his due process rights were violated by using an improper self-defense instruction, and (4) his case should have been resolved under *State v. Pollard*, 900 N.W.2d 175 (Minn. Ct. App. 2017).

*Daniels v. State*, No. A19-1279, 2020 WL 2118897, at *2 (Minn. Ct. App. May 4, 2020) ("*Daniels II*").  In view of the new state filing, Magistrate Judge Brisbois stayed this case to give Daniels an opportunity to present his federal claims to the state court.  ECF No. 11.

The state trial court denied Daniels's new petition for postconviction relief on the grounds that it was procedurally barred and time-barred.  Resp. Suppl. App. at 3–4; *see also State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.").  Daniels appealed that decision, renewing his argument that his counsel was ineffective for failing to challenge the lesser-included-offense jury instruction and the self-defense jury instruction.  *See* Resp.

3

Suppl. App. at 25–27. With a minor exception not relevant here, the Minnesota Court of Appeals affirmed, but it reached the merits of Daniels's claims instead of ruling that they were procedurally barred. *Daniels II*, 2020 WL 2118897, at *5. The court concluded that (1) Daniels's claim with respect to the lesser-included instruction failed because his counsel had in fact objected to the instruction, and (2) both claims failed because Daniels had not shown that the instructions affected the verdict in his case. *Id.* at *3–5.

In a petition for review to the Minnesota Supreme Court, Daniels raised three legal issues: (1) "[l]esser included [o]ffense [v]iolation," (2) "[s]elf-defense [i]nstructions error," and (3) an alleged error in entering judgment on both lesser-included offenses. Resp. Suppl. App. at 95. The Minnesota Supreme Court denied review. *Id.* at 100. Magistrate Judge Brisbois then lifted the stay in this case and the parties submitted supplemental briefing. ECF Nos. 20, 21, 24, 27–29.

Magistrate Judge Brisbois recommends denying Daniels's petition and declining to issue a certificate of appealability. First, the R&R concluded that Daniels's federal ineffective-assistance-of-counsel claims are procedurally defaulted because he did not "fairly present" them to the state courts. R&R at 14–21. Second, it concluded that the state court's self-defense jury instruction, if erroneous, did not entitle Daniels to relief because it was solely a matter of state law. R&R at 21–22.

II

Federal courts have the authority to grant a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State . . . on the ground that he is in custody in violation of Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Before a court can consider such a claim, however, "all available state-court remedies must be exhausted." *Deck v. Jennings*, 978 F.3d 578, 581 (8th Cir. 2020) (citing 28 U.S.C. § 2254(a), (b)(1)). This means the petitioner must have "fairly present[ed]" the federal claim—that is, the "same facts and legal theories"—to the state courts. *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996) (internal quotation marks and citation omitted). The petitioner must exhaust both levels of appellate review in state court, even when the state only provides an opportunity for discretionary appellate review at its highest court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

When a state court has adjudicated a petitioner's federal claim on the merits, the habeas petition will not be granted unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "A state court decision is 'contrary to' clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court reaches the opposite result in a case involving facts that are materially indistinguishable from relevant Supreme Court precedent." *Smith v. Titus*, 958 F.3d 687, 691 (8th Cir. 2020) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). "An 'unreasonable application' of clearly established federal law 'occurs when a state court correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context.'" *Id.* (quoting *Munt v. Grandlienard*, 829 F.3d 610, 614 (8th Cir. 2016)). The requirements of § 2254(d)(1) are "meant to be difficult, because [the Antiterrorism and

5

Effective Death Penalty Act ("AEDPA")] 'reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (internal quotation omitted)).

A

Start with Daniels's ineffective-assistance-of-counsel claims. The R&R concluded that all of these claims are procedurally defaulted because Daniels did not fairly present them to Minnesota courts. For most of the claims, the R&R's conclusion is plainly correct. Daniels was required to present his federal claims at all levels of Minnesota's court system, including in his petitions to the Minnesota Supreme Court for discretionary review. *See O'Sullivan*, 526 U.S. at 845. In his first petition for review, Daniels appeared to challenge only the state trial court's jury instruction on lesser-included offenses and did not refer to his counsel's performance. Resp. App. at 6–7. In his second petition for review, which was filed after his federal habeas petition, Daniels did not purport to raise at least three of the four ineffective-assistance arguments he raises here—specifically, that his counsel was ineffective for failing to call a viable witness, to argue that his convictions were legally inconsistent, or to argue that he should have been sentenced to the "least" of the two offenses of conviction. Resp. Suppl. App. at 94–96. This is so even though the order staying this case cautioned Daniels that he must fairly present his federal claims to the state court. *See* ECF No. 11 at 11 n.6.

Because Daniels did not fairly present these three claims to the state courts, he may only pursue them here if he can "establish 'cause for the default and actual prejudice,'" or if "failure to consider his claims [would] result in a fundamental miscarriage of justice."

6

*Deck*, 978 F.3d at 581 & n.2 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991)). Daniels did not attempt to make these showings in his briefing to Magistrate Judge Brisbois. In his objections, Daniels identifies two reasons that he did not raise his defaulted claims in state court: (1) his state appellate counsel was ineffective in failing to raise them, and (2) he has been unable to fully access the law library in his prison because the COVID-19 pandemic has led to strict lockdown protocols. Pet'r Objs. at 6–7. Neither argument establishes cause for Daniels's failure to exhaust his federal claims in state court. First, it would not matter if his state counsel were ineffective. Daniels obtained a stay of this case precisely so he could raise his federal claims in a new postconviction petition at each level of the state courts. ECF No. 11. By that point, he was no longer represented by his prior counsel. Second, Daniels filed both this action and his second state postconviction petition in 2019, before the onset of the COVID-19 pandemic, so the pandemic could not have prevented him from raising his federal claims in state court. At least three of his four ineffective-assistance-of-counsel claims are therefore procedurally defaulted.

It is not immediately clear that Daniels failed to present the fourth basis for his ineffective-assistance-of-counsel claim: his counsel's failure to object to the trial court's jury instruction on self-defense. As relevant here, Daniels's second petition for review to the Minnesota Supreme Court presented the following legal issue:

> II. Self-defense Instructions error in violation of the 14th amendment (due process) and 6th Amendment (the right to a Jury trial) & (Ineffective assistance of Counsel)[.]

Resp. Suppl. App. at 95. Directly underneath this issue statement, Daniels included a quotation from the decision of the Minnesota Court of Appeals, which concluded that his

7

counsel's failure to object to this instruction did not "constitute prejudicial error meriting reversal." *Id.*; *see Daniels II*, 2020 WL 2118897, at *5. The R&R concluded that this was insufficient to raise a federal claim of ineffective assistance of counsel because Daniels did not clearly invoke federal law. R&R at 17–18.

      To fairly present a federal ineffective-assistance-of-counsel claim, it is not enough to use the phrase "ineffective assistance of counsel." *Baldwin v. Reese*, 541 U.S. 27, 29–33 (2004). Rather, the petitioner must "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (citation omitted). "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Id.* (citation omitted). As the R&R observed, Daniels did not explicitly say in his second petition for review that he was invoking the "United States" or "federal" Constitution. *See* R&R at 17–18. Nearly all the cases cited in that petition were decided by state courts and did not involve federal ineffective-assistance-of-counsel claims. *See id.* at 18 & n.7. And the one federal case cited did not address an ineffective-assistance-of-counsel claim, either. *Id.* at 17 n.6. To be sure, Daniels did cite both the "6th Amendment" and the "14th Amendment." Resp. Suppl. App. at 95. Although these terms are reasonably understood to refer to the federal Constitution, case law supports the conclusion that such isolated and passing references are not sufficient to fairly present a federal claim. *See, e.g.*, *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Kimbrough v. Buss*, No. 3:08cv552-LAC/MD, 2011 WL 2414879, at

8

*16 (N.D. Fla. May 20, 2011), *report and recommendation adopted*, 2011 WL 2374385 (N.D. Fla. June 10, 2011).

Nonetheless, if the references to the Sixth and Fourteenth Amendments were sufficient to fairly present Daniels's fourth ineffective-assistance claim, it would still be appropriate to deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the [s]tate."). "To prevail on an ineffective assistance of counsel claim, a petitioner must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense." *Wanatee v. Ault*, 259 F.3d 700, 703 (8th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 700 (1984)). "The 'prejudice' prong of *Strickland* requires that the petitioner demonstrate the existence of 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

The Minnesota Court of Appeals concluded that "the self-defense instruction provided to the jury" in Daniels's case was improper. *Daniels II*, 2020 WL 2118897, at *4. The state trial court had at least two instructions to choose from: a "general self-defense instruction" and a "justifiable-taking-of-life instruction." *Id.* These two instructions address different levels of force and different degrees of impending danger. The general self-defense instruction reflects the principle of Minnesota law that a person may use "reasonable force" when, among other things, he honestly and reasonably believes that he is "in imminent danger of . . . bodily harm." *State v. Pollard*, 900 N.W.2d 175, 178 (Minn.

9

Ct. App. 2017) (citing Minn. Stat. § 609.06, subd. 1 and 10 *Minnesota Practice*, CRIMJIG 7.05 (2015)). The justifiable-taking-of-life instruction reflects the principle that a person may not intentionally kill another unless he believes that doing so is "necessary to avert death or grievous bodily harm." *Id.* at 178–79 (citing 10 *Minnesota Practice*, CRIM JIG 7.06 (2015)). In other words, the justifiable-taking-of-life instruction imposes a "greater fear-of-harm requirement." *Id.* at 180. "The Minnesota Supreme Court has repeatedly stated that it is error to provide the justifiable-taking-of-life instruction, instead of the general self-defense instruction, when the defendant asserts self-defense but claims that the death was not the intended result." *Id.* at 179 (collecting cases). In Daniels's case, the state trial court gave the justifiable-taking-of-life instruction. According to the Minnesota Court of Appeals, this was error because Daniels was "claiming the death was not the intended result of [his] action[s]." *Daniels II*, 2020 WL 2118897, at *4.

Despite the trial court's legal error, the Minnesota Court of Appeals held that Daniels had not shown prejudice resulting from his counsel's failure to object to the instruction. To support this conclusion, it cited the jury's finding that Daniels "did not intentionally cause the death of the victim" as well as evidence, recounted in Daniels's first appeal, that Daniels "did not use reasonable force, [that] he lied to police, that no one else had a weapon—contrary to Daniels's assertions—and [that] no one else acted as though they had a weapon." *Id.* at *5. It also acknowledged the evidence Daniels offered in support of the defense. *Id.* The court concluded that, in light of all the evidence, there was no reasonable probability that the result would have been different if the trial court had given the correct instruction. *Id.*

10

Daniels has not shown that this conclusion was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).[1] The Minnesota Court of Appeals articulated and applied a standard identical to that announced in *Strickland*. *See Daniels II*, 2020 WL 2118897, at *2 (citing *Pearson v. State*, 891 N.W.2d 590, 600 (Minn. 2017)). The court carefully recounted and weighed the evidence presented at trial, acknowledging the evidence Daniels presented to support his self-defense argument, and determined that it was not reasonably probable that issuing the correct jury instruction would have affected the jury's verdict. *See id.* at *4–5. Daniels has not identified evidence that the court failed to consider or any Supreme Court authority establishing that the court should have weighed the evidence differently.[2] Under AEDPA's deferential standard, it would be inappropriate to second guess the state court's decision. *See, e.g.*, *Shelton v. Mapes*, 821 F.3d 941, 948 (8th Cir. 2016).

B

That leaves Daniels's final claim, which is that the state trial court's jury instruction error itself—separate from his counsel's conduct—provides a basis for relief. The R&R correctly concluded that this claim does not entitle Daniels to habeas relief because it involves only state law. R&R at 21–22. State law seems to provide the sole basis for

---

[1] Daniels does not argue that the state court's decision involved "an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).

[2] In his objections, Daniels relies extensively on *Engle v. Isaac*, 456 U.S. 107 (1982), but the case is not on point. The Court in *Engle* did not address the application of *Strickland*'s prejudice standard to a similar claim. Rather, it concluded that the petitioners' constitutional challenges to a state jury instruction were procedurally defaulted. *See id.* at 129–34.

Daniels's argument. *See, e.g.*, Pet'r Suppl. Mem. at 1–8. "As the United States Supreme Court has repeatedly emphasized, 'federal habeas corpus relief does not lie for errors of state law.'" *Robinson v. Leapley*, 26 F.3d 826, 829 (8th Cir. 1994) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

To get around this rule, Daniels argues that the state-law jury instruction error violated his federal right to due process of law. *See* Pet'r Suppl. Mem. at 1. "A federal court may grant habeas relief on the basis of a faulty state law jury instruction only if the erroneous instruction 'so infected the entire trial that the resulting conviction violates due process.'" *Iromuanya v. Frakes*, 866 F.3d 872, 881 (8th Cir. 2017) (quoting *Estelle*, 502 U.S. at 72). Daniels cannot meet that standard here. His argument seems to be that, in giving the erroneous self-defense instruction, the state trial court indirectly shifted the burden of proof, requiring him to prove his affirmative defense. Pet'r Objs. at 4–5; Pet'r Reply Br. [ECF No. 29 at 5–6]. But the Supreme Court has held that a state may do this directly and require a defendant to prove by a preponderance of the evidence that he acted in self-defense. *See Martin v. Ohio*, 480 U.S. 228, 233–34 (1987). In light of *Martin*, it is difficult to see how the jury-instruction error Daniels alleges could undermine the fundamental fairness of his conviction.

C

One final matter deserves comment. Daniels may not appeal the denial of his habeas petition unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). To obtain one, Daniels must make a "substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), which means he "must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Resolving Daniels's claim involves the application of settled principles of federal law, and the R&R correctly concluded that no certificate of appealability should be issued under these circumstances. *See Samuelson v. Roy*, No. 13-cv-3025 (PAM/LIB), 2014 WL 2480171, at *1 (D. Minn. May 28, 2014).

## ORDER

Therefore, based on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Petitioner Antonio Xavier Daniels's objections to the Report and Recommendation [ECF No. 36] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 31] is **ACCEPTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 1] is **DENIED**;

4. This action is **DISMISSED WITH PREJUDICE**; and

5. No certificate of appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 1, 2021         s/ Eric C. Tostrud
                                 Eric C. Tostrud
                                 United States District Court